# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIJENDRA DEO, | Case No. 1:16-cv-00825-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 19) |
| LORETTA E. LYNCH, et al., | |
| Defendants. | |

On September 23, 2016, an order issued granting Defendants' motion to dismiss and entering judgment. (ECF Nos. 17, 18.) On October 21, 2016, Plaintiff filed a motion for reconsideration of the order granting Defendants' motion to dismiss.

**I.**

**LEGAL STANDARD**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has

been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted).

Requests for reconsideration are also governed by Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."

## II.

## DISCUSSION

Defendants' motion to dismiss was granted finding that Plaintiff's prior conviction for a violation of California Penal Code Section 273.5(a) qualified as an aggravated felony pursuant to 8 U.S.C. § 1101(a) regardless of a state court order classifying it as a misdemeanor where his sentence had not been reduced. Plaintiff seeks reconsideration of the prior order arguing that on September 28, 2016, a bill was signed by Governor Brown amending California Penal Code Section 18.5 for the specific purpose of removing California misdemeanor convictions as the basis of an aggravated felony finding under the Immigration and Naturalization Act.

Section 18.5 of the California Penal Code states that "[e]very offense which is prescribed by any law of the state to be punishable by imprisonment in a county jail up to or not exceeding one year shall be punishable by imprisonment in a county jail for a period not to exceed 364 days." Effective on January 1, 2017, the section shall apply retroactively and "[a] person who was sentenced to a term of one year in county jail prior to January 1, 2015, may submit an application before the trial court that entered the judgment of conviction in the case to have the term of the sentence modified to the maximum term specified in subdivision (a)." Cal. Penal

Code § 18.5.

Without citing any authority in support, Plaintiff argues that this change to the California Penal Code automatically reduces Plaintiff's maximum possible sentence to 364 days so there is no need for him to seek a further reduction of his sentence. However, the retroactive amendment to section 18.5 does not state that all misdemeanor offenses are automatically reduced to 364 days and the Court finds no support for Plaintiff's argument that his sentence would be automatically reduced to 364 days. To the contrary, the record demonstrates that, while Plaintiff's offense was reduced to a misdemeanor, Plaintiff's motion to have his sentence reduced was denied. September 12, 2003 Minute Order, ECF No. 13-1. Therefore, while the state court reduced his conviction to a misdemeanor, Plaintiff's sentence remains 4 years. Since Plaintiff was never sentenced to one year in prison, he would not be eligible for a sentence reduction under section 18.5(b).

Further, in considering whether a conviction qualifies as an aggravated felony under section 1101(a)(43), the Court does not consider whether it is labeled as a felony or a misdemeanor under state law. United States v. Gonzalez-Tamariz, 310 F.3d 1168, 1170 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Jan. 13, 2003). "The relevant question is whether the crime meets the definition of an 'aggravated felony' under federal sentencing law." Gonzalez-Tamariz, 310 F.3d at 1170. In Gonzalez-Tamariz, the Ninth Circuit agreed with other circuits which have found that "Congress was defining a term of art, 'aggravated felony,' which . . . includes certain misdemeanants who receive a sentence of one year." Id. Accordingly, "[a]n offense classified as a misdemeanor under state law may therefore be considered an aggravated felony for sentencing purposes if it meets the requirements of 8 U.S.C. § 1101(a)(43)." Id. at 1170-71.

The Ninth Circuit has "repeatedly held that a state court's characterization of a conviction has no effect on federal immigration law."[1] Prieto–Hernandez v. Lynch, 653 F. App'x 547, 549

---

[1] Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1. Ninth Circuit Rule 36-3(b); see Animal Legal Def. Fund v. Veneman, 490 F.3d 725, 733 (9th Cir. 2007) ("as of January 1, 2007, we must now allow parties to cite even unpublished dispositions and unpublished orders as persuasive authority").

3

(9th Cir. 2016); see Habibi v. Holder, 673 F.3d 1082, 1088 (9th Cir. 2011); United States v. Corona-Sanchez, 291 F.3d 1201, 1210 (9th Cir. 2002). Except in rare circumstances not relevant here, even where a conviction is later expunged under state law it remains a conviction for purposes of federal immigration law. de Jesus Melendez v. Gonzales, 503 F.3d 1019, 1027 (9th Cir. 2007); Ramirez-Castro v. I.N.S., 287 F.3d 1172, 1175 (9th Cir. 2002);

Plaintiff argues that Ceron v. Holder, 747 F.3d 773, 776 (9th Cir. 2014), "is a prime example of the fact that reduction to misdemeanor from felony pursuant to 17(b) will result in new analysis for immigration purposes." (ECF No. 19 at 4.) However, in Ceron the court suspended imposing a sentence until after the probation period and the plaintiff was ultimately sentenced to 364 days in jail. Ceron, 747 F.3d at 776. The issue that the Ceron court was addressing was whether the plaintiff's conviction was a crime for which a sentence of one year or longer may be imposed. Id. Unlike the plaintiff in Ceron, Plaintiff has been sentenced to four years.

As the Court previously found, Plaintiff was sentenced to 4 years in state prison with his sentence suspended for violation of California Penal Code section 273.5(a) and this qualifies as an aggravated felony pursuant to 8 U.S.C. § 1101(a). (ECF No. 17 at 5-6.) Although Plaintiff later sought to reduce his sentence, Plaintiff's request for a sentence reduction was denied. February 15, 2012 Minute Order of Superior Court of California, ECF No. 15-1. The Ninth Circuit has held that the phrase " 'for which the term of imprisonment [is] at least one year' means the actual sentence imposed by the judge." Alberto-Gonzalez v. I.N.S., 215 F.3d 906, 909 (9th Cir. 2000). Here the actual sentence imposed by the judge was four years and has not been reduced. Accordingly, the Court finds that Plaintiff has been convicted of an aggravated felony for immigration purposes.

/ / /
/ / /
/ / /
/ / /
/ / /

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: __**December 16, 2016**__

UNITED STATES MAGISTRATE JUDGE